Green, J.
delivered the opinion of the court.
The complainant in this bill, seeks to be substituted to the rights of a creditor, whose debt he has paid as a surety, to enforce the creditor’s lien for the purchase money of the estate. The facts are shortly these:
James R. Plummer purchased of Henry D. Houser, two lots in Columbia for $1995, to be paid in three annual instalments, of $665 each. To secure these payments, he executed his three several notes, with P. Nelson and Elisha Uzzell as his sureties. A deed was made to Plummer by Houser, on the face of which it is stipulated, that Houser retains a lien upon the lots for the purchase money.
Sometime afterwards, Robert Mack purchased the lots from Plummer, at the price of $2800, and in part payment thereof, he took up the two last notes Plummer had given to Houser, *320 and. paid in cash $300 on the first note, which left upwards of $300 of the purchase money unpaid to Houser.
Subsequently Plummer has become insolvent, and Uzzell-has paid to Houser the balance due him for the lots, and for the payment of which, he was bound as Plummer’s surety.
When Mack purchased the lots, he knew that a lien was retained by Houser, in the deed to Plummer, and he also knew that the purchase money had not all been fully paid. •
There is no question, but that, as a general principle, sureties, who pay a debt, are entitled to stand in the place of a creditor, as to all securities or liens, which he may have against other persons or property on account of the debt.'
The only question here is, whether there was any thing remaining after Houser’s debt was paid, to which, the surely, paying it, could be substituted. Where a surety pays a bond, or discharges a judgment, he extinguishes the only security the creditor has, and that being extinguished, there is nothing to which he can be substituted. But if the creditor has a security against another person, for the same debt, or'upon other property, these being distinct from the obligation he held on the surety, the discharge of that obligation by the surety, does not extinguish such other security or lien; as against such security or lien the debt still, remains. The surety who paid' the creditor, entitled to stand in his place, and to be substituted .to all his rights.
In the case before the court, Houser had two securities for his money; the bond of Plummer, Nelson and Uzzell, and the lien reserved in the deed.
When Uzzell, as Plummer’s surety, paid the bond, that was extinguished, but the lien on the land, is a distinct thing, constituting a different security, which the payment of the bond by Uz-zell does not affect. Uzzell stands in the shoes of Houser, and the purchase money being unpaid, the lien on the land continues by the very terms of the deed.
We think this a clear case for substitution, and reverse the decree, and order that a decree be entered for the complainant.